## UNITED STATES v. VASILATOS.

### Cr. No. 17002.

United States District Court
E. D. Pennsylvania.
May 4, 1953.

Joseph G. Hildenberger, U. S. Atty., and William B. Taffet, District Counsel, Immigration & Naturalization Service, Philadelphia, Pa., for Government.

Edward E. Dicker, Philadelphia, Pa., for defendant.

CLARY, District Judge.

Andreas Vasilatos, the above named defendant, was tried and convicted in this Court of violation of Title 8 U.S.C.A. § 180(a) in that, as an alien previously arrested and deported in pursuance of law on February 21, 1950, he did on or about February 5, 1951 knowingly and unlawfully re-enter the United States at the Port of Philadelphia. A motion was filed in arrest of judgment challenging the jurisdiction of the Court, contending that the offense, if any, was not committed in this district. A motion for a new trial was also filed, the principal reason assigned being that the corpus delicti of the offense charged in the indictment had not been established independent of the admissions and confession of the defendant.

The facts briefly are as follows: The defendant, 35 years old, is a native citizen of Greece. He entered the United States in May of 1947 as a seaman, overstayed his leave as such, and continued to reside in the United States until he was taken into custody on May 26, 1949 under a warrant of arrest issued in administrative deportation proceedings. He was accorded a hearing thereunder on October 19, 1949, and on November 14, 1949 an order of deportation was duly entered. Pursuant to that order of deportation, defendant was deported from the United States at Searsport, Maine,

on February 21, 1950 under the supervision of an Immigration Inspector. He was permitted to ship as a seaman on the S.S. Vassilios Kulukindis. That same vessel, renamed the S.S. Evrotas, entered the Port of Philadelphia on February 5, 1951 from Rotterdam, Holland. On that date, during the course of an examination by an Immigration Inspector, defendant stated that he had never been previously deported from the United States and he was thereupon granted permission to land as a seaman for a period not to exceed 29 days. The record indicates that subsequent to this date and within the 29 day period, defendant was discharged from the ship at Baltimore, Maryland, and remained in the United States until he was again apprehended in administrative deportation proceedings at Albany, New York, on April 8, 1952. This indictment followed.

In support of his motion in arrest of judgment, defendant contends that venue was not properly laid in this Court in that the crime, if any, was committed at Baltimore, in the District of Maryland, and that consequently the action can only be maintained in the District of Maryland. This contention is based upon the fact that while he entered the Port of Philadelphia on the date of February 5, 1951, the evidence fails to disclose that he actually and physically left the ship at Philadelphia, but that he departed with the ship from Philadelphia to Baltimore, Maryland, at which place he left the ship. Defendant thus argues that the entry into the United States was at Baltimore, Maryland, rather than Philadelphia, Pennsylvania, and, therefore, the case falls within the jurisdiction of another district.

The identical argument was made in the case of Lazarescu v. United States, 4 Cir., 199 F.2d 898. In that case, tried in the District of Maryland, Judge Chesnut was faced with the same problem. There, the defendant seaman, under indictment for the same crime charged in this action, came to the United States from foreign at Baltimore, Maryland. He contended that he did not get off the ship at Baltimore, but that he remained on it as it proceeded coastwise to Norfolk where he left the ship.

and landed. Judge Chesnut in passing upon this contention said as follows, 104 F.Supp. 771, 776:

"that it was the intent of Congress that the status of an alien seaman should be determined after inspection at the first port of entry, and that the determination of the Inspector of his admissibility then and there is *entry* into the United States within the meaning of the statutes."

Judge Chesnut's decision was affirmed by the Court of Appeals for the 4th Circuit. In affirming, that court commented that while no case precisely in point had been found, from its examination of the law, regulations and administrative practices, entry into the United States occurred at the port in the United States where the ship first arrived from foreign. That holding is consistent with my own views and furnishes appellate authority for a result which I would have reached independently. I find, therefore, that venue is properly laid in this district and the defendant's motion in arrest of judgment will be denied.

The second point advanced by the defendant in support of his motions is that there was failure of proof of corpus delicti before the receipt in evidence of the admissions of the defendant when he was apprehended under administrative proceedings at Albany, New York, on April 8, 1952. That contention is also without merit. The facts proved independently of admissions by the defendant were as follows: Immigration Officer John D. Talbot testified that, while he could not specifically identify the defendant, on February 21, 1950 he checked out under a warrant of deportation a seaman by the name of Andrew Vasilatos at Searsport, Maine, on the S.S. Kulukindis bound for a foreign port. James J. Manning, a verification clerk of the Immigration and Naturalization Service, testified from official records that Andrew Vasilatos was listed as a member of the crew of the S.S. Evrotas, that he was examined at Philadelphia on February 5, 1951, and admitted as a seaman for a period of 29 days, and that thereafter records from the Immigration and Naturalization Service at Baltimore, received in the Philadephia Office on March 8, 1951, listed the same Andrew Vasilatos as being discharged at Baltimore, Maryland. Immigration Officer Anthony E. Concordia testified that he examined the crew of the S.S. Evrotas on February 5, 1951, that Andrew Vasilatos told him he had never been ordered deported from the United States, that he had no immigration record and showed him his seaman's book No. 25049. This same seaman's book was obtained from the defendant on the occasion of his arrest at Albany, New York, on April 8, 1952, by W. P. O'Brien, Immigration Officer stationed at Albany, New York. This seaman's book, admitted in evidence, contains the entry at page 26 that on the 21st of February, 1950, the seaman shipped from Searsport, Maine, as a cook, on the S.S. Vassilios E. Kulukindis, was discharged at Rotterdam, December 18, 1950, reason illness, that he signed on as a cook in Rotterdam, December 20, 1950 on the S.S. Evrotas and was discharged in Baltimore on February 15, 1951, reason illness. All of this testimony had been introduced in the case before Immigration Officer O'Brien testified as to admissions made by the defendant substantiating in complete detail the information already adduced by independent testimony.

It is clear, therefore, that all of the elements of the crime had been properly established before the admissions of the defendant were received in evidence. As a matter of fact, there was sufficient evidence before the jury, independent of admissions by the defendant, upon which the jury could properly have based a conviction. The contention that the Government failed to establish the corpus delicti of the crime, therefore, lacks substance.

The motions in arrest of judgment and for a new trial will be denied.